**Edward H. Richter, trading as E. H. Richter and Sons, Appellant, v. Indian Refining Company, Appellee.**

## Gen. No. 7,739.

1. DIRECTING VERDICT—*direction erroneous where there is evidence tending to support declaration.* In actions for negligence the trial court should not direct a verdict for defendant when there is evidence fairly tending to support the charge of negligence laid in the declaration.

2. EXPLOSIVES AND COMBUSTIBLES—*when negligence sufficiently shown to go to jury.* In an action for negligence in filling the gasoline tank of plaintiff's truck so that the truck and other prop-

erty caught fire, where there was evidence that defendant's employee tried to fill the tank of the truck by getting on the wrong side where the process of filling was most difficult and dangerous, and attempted to lift the gasoline can over the steering wheel and other obstructions when he slipped and fell, spilling the gasoline so that it ignited, probably from the battery and electric wires which were near, there was evidence fairly tending to prove the negligence charged and the court erred in directing a verdict for defendant.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1924. Reversed and remanded. Opinion filed October 22, 1924.

MORTIMER, PUTTING & WELDON, for appellant.

GORDON, WEED & YOUNG, BROWN, HAY & STEPHENS and PAUL W. GORDON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Edward H. Richter, the appellant, commenced this suit in the circuit court of Sangamon county against the appellee, Indian Refining Company, to recover damages for alleged careless handling of gasoline which resulted in a fire that destroyed several automobiles, buildings and other property belonging to the appellant. The additional count in the declaration alleges that the appellee was engaged in the business of selling and delivering oils, gasoline and inflammable liquids to his customers, of which the appellant was one; and that on a certain day, namely, the first day of August, 1922, while the appellee was thus engaged in delivering gasoline to the appellant, by its servant, wholly regardless of its duty to exercise reasonable care in handling and delivering of same, so carelessly and negligently poured and splashed the gasoline upon a certain automobile truck and certain electric wires, and electric appliances and

equipment of a truck, that a fire was caused in consequence thereof in and about this truck, and certain other automobiles and buildings, which were thereby destroyed.

The evidence discloses that the appellant was one of appellee's gasoline purchasers, and that the appellee delivered the gasoline by its servant and employee to the appellant, and usually upon the appellant's premises in the City of Springfield; and that on or about August 1, 1922, in the afternoon, one of appellee's employees, by the name of Carrol, drove in upon the premises of the appellant with appellee's truck containing gasoline, and proceeded to fill the gasoline tanks of appellant's several trucks and automobiles which were then on the premises. He first filled the tank of a truck standing in the yard; then filled the tank of a car in a garage; he then proceeded to the task of filling the tank of the truck in question, which was also in the garage. This truck was standing between another truck and a touring car. The gasoline tank in this truck, and the electric batteries connected therewith, were under the front seat of the truck. It was necessary, therefore, before filling the tank to remove the cushions on the seat and to unscrew the cap on the opening of the tank. An electric horn button, which was used to sound the horn on the truck, was connected with the seat and the battery. The cap on the tank was at the top, and on the right side of the tank, when facing towards the front of the truck; it was located about eight or ten inches from the right side of the seat and about two and a half feet from the left side of the seat. The steering wheel of the truck was on the left-hand side and in front of the seat, and slightly to the right of the steering wheel were the gearshift, the lever and the brake attachments. There were no obstructions of any kind on the right-hand side, in front of the seat, to interfere with the pouring of the gasoline into the opening of the tank, but in order to pour the gasoline into the

Richter v. Indian Refining Co., 235 Ill. App. 146.

tank from the left-hand side it was necessary to raise the five-gallon can which was used over the steering wheel, because it was too large to go under the steering wheel, and because the shift lever and brake lever were in the way. And to fill the tank from the left-hand side it was necessary to raise the can and hold it above the steering wheel, and in that way pour it down into a funnel placed in the opening; and it was necessary to do all this adjacent to the electric battery and the electric button, connected with this battery, which at the time in question was fully charged with electricity.

Edward G. Richter, a son of the appellant, was an eyewitness to what occurred preceding the fire, and testified concerning Carrol's actions and the origin of the fire as follows:

"He drawed ten gallons of gasoline out of his truck and filled the truck setting in the yard and then he went in and filled my car in the garage, and he took ten more gallons, walked by the little truck sitting in the middle and he started around the north side, which was the proper side to fill the truck, and he couldn't get through, and I said, 'Dad, I will back that truck out a little for you,' He said, 'No, I will fill it from the other side.' I said, 'No, you will fall and hurt yourself,' and at that he stepped up on the running board and lifted this five gallons of gasoline over the steering wheel; his foot slipped and he fell in the truck seat and the gasoline splattered all over the seat and side of the car, and in a second the fire. * * * Mr. Carrol stepped up on the running board; he stood there and lifted the can filled with gasoline over the steering wheel. The gasoline began to spill or splash as he slipped, and the can fell in the seat. When he slipped he was standing down on the running board with both feet. * * * I heard the sound of a horn just as the man slipped, and the can fell in the seat and the gasoline splattered. * * * The gasoline splashed and immediately there was a fire. The blaze started from up around in the seat—along

inside where the cushion was turned up—on the left side of the seat. That was on the same side where the horn was situated. On the same side where the battery in this car was situated.''

At the close of plaintiff's evidence the court on motion of the appellee directed a verdict finding the appellee not guilty of the negligence charged in the declaration, upon which a judgment was entered in bar of the appellant's right to recover. From this judgment an appeal is prosecuted.

It is contended on appeal that the court erred in directing the verdict. The rule is well settled that in this kind of a case the trial court should not direct a verdict where there is evidence fairly tending to support the charge of negligence laid in the declaration. *Mahlstedt v. Ideal Lighting Co.*, 271 Ill. 154. The manner in which the appellee's employee conducted the process of filling the gasoline tank of the truck referred to and the handling of the can containing the gasoline—an explosive and highly combustible liquid—by getting on the side of the truck where the process of filling was most difficult and where it was fraught with more danger, by attempting to lift it over the obstructions which were in the way and filling it above the adjacent electric battery from which sparks might naturally issue by an accidental touch of the electric button, or other mechanisms connected with the electric battery, was evidence fairly tending to support the allegation of negligence in the additional count of the declaration. Whether the evidence was sufficient or not was for the determination of the jury, and the trial court could not determine the weight or sufficiency of this evidence on a motion to direct a verdict. *Mahlstedt v. Ideal Lighting Co., supra.*

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*